## AT CHAMBERS.

---

## THE MINISTER OF THE INTERIOR vs. HENRY PRENDERGAST et als.

The Hawaiian Steam Navigation Company was not a corporation, but a company enjoying certain privileges by grant from the Government.

The Chief Justice declined to entertain, at chambers, an application to annul the grant of privileges made to the Hawaiian Steam Navigation Company, on the ground that, by the terms of the grant, the Supreme Court in its collective capacity, alone had jurisdiction in the matter.

Decision of CHIEF JUSTICE LEE, October 10th, 1856.

Counsel appear on behalf of Captain Prendergast, and object to

the entering of default in this matter, on the ground of a want of due service of process. They allege, first, that he was not served with a copy of the petition, but only with a summons; secondly, that the Hawaiian Steam Navigation Company is legally, and to all intents and purposes, a corporation, and that service of process upon the individual members of said Company is not sufficient, but such service snould be made upon the President or agent thereof.

The first objection, as to the want of due service upon Captain Prendergast, seems to have been made under a mistake of the counsel, for it appears that he was served with a copy of the petition as well as with a summons, on the 14th of May, and failed to appear at the hearing in June, or to intimate the least desire to make any defence, but on the contrary, was understood as having no defence to make. How Captain Prendergast, after having filed no answer and failing to appear at the hearing in June, or at the further hearing on the 29th of September, can now ask to be heard, is more than we can understand. I ought to notice, perhaps, the objection that has been made on the part of the complainant, that the counsel show no power to appear on behalf of Captain Prendergast, and that they ought not to be allowed to appear until they do show such power. I should say that the objection is well taken; for it has been the invariable ruling of this court, that when the opposing counsel demands the authority to appear, it must be shown. But we have not thought proper to hold the counsel to the strict line of the law, because it was so clear on other grounds, that Captain Prendergast had no right, in law or equity, to come in at this late day to interpose any defence.

The second objection is, that this company is a legal corporation, and that therefore service on its individual members is not good service. If it were true that the Hawaiian Steam Navigation Company is a legal corporation, then, certainly, the service of process upon Prendergast, Jones and Fallon, individual members of said company, would not be sufficient notice to hold such corporation to appear and answer the complaint in this suit. But, in my opinion, it is not a legal corporation, but a mere partnership or joint stock company, possessing some of the powers of a corporation Garret W. Ryckman, Emory T. Pease, William A. Lighthall, Perry G. Childs, Richard H. Bowlin, and others, voluntarily associated themselves together, under the name and style of the Hawaiian Steam Navigation Company, upon what terms and conditions I do not know, and the Hawaiian Government conferred upon them certain privileges; but to say that they were ever duly incorporated, or authorized to sue and be sued in a corporate capacity, or released from individual responsibility for the debts of the company, or in any other way ever recognized as any thing more than an unincorporated joint stock company, is more than appears by the contract, or the act of Legislature confirming said contract, and I have no right to infer it. The company is, in my opinion, a mere voluntary association of individuals, who have entered into a contract with the Hawaiian Government, and in suing for the non-fulfillment thereof our statute provides that it shall not be necessary to serve all the parties sued with process, but that service upon one shall authorize the rendition of judgment against all. (2d vol. Stat. Laws, p. 59, Sec. 24.) Again, even granting that this company were a corporation, the notice and citation published in the

"Polynesian," would, in my opinion, be sufficient to bind such corporation. If not, how else could we reach a corporation whose officers and principal members reside in a foreign state, as in this case. It would seem a strange doctrine to hold that the president of a corporation should be served with process, even although he resides in a foreign country, and yet that a citation through the public newspapers of the country is not sufficient. Such a rule would defeat the ends of justice.

If this were a corporation, I should say it would have been proper to have served Captain Spencer, whom the counsel contend is the legal and acting agent of the company, with a copy of the process: but, having held that it is not a corporation, I do not think such service was necessary.

But, there is a point in this case, which has been entirely overlooked by the counsel on both sides, and which, I think, conclusively settles the matter against the application. It is the question of jurisdiction. The 13th Article of the contract between the Government and the company reads as follows:

"ARTICLE 13. It is hereby expressly understood and declared, that the Supreme Judicial Court of this Kingdom shall have full power to examine and adjudicate on the fufillment of the terms and conditions and obligations of this grant by said company, and on having due notice of time and place fixed by said Supreme Judicial Court, for said examination, and on proof satisfactory to said Court that the terms, conditions and obligations have not been complied with, said Court shall have the power at their discretion to abridge or modify the privileges of this grant, or declare the same forfeit."

By this article the Supreme Judicial Court have the power to examine and adjudicate on the fulfillment of the terms, conditions and obligations of the contract by the said company, and to modify the privileges of the said grant, or to declare the same forfeit, and in my opinion, the Chief Justice of said court, sitting alone at chambers, has no power to adjudicate in the matter. The power is conferred upon him and his associates in their collective capacity, constituting the Supreme Judicial Court, but not upon him alone. The Chief Justice may have the power in general cases of hearing and determining such matters at chambers, but, in this case, there is a special contract between the parties which fixes the tribunal to settle their differences.

The bill is dismissed.